EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2016 TSPR 141 |
| Wilson González Antongiorgi | 195 DPR ____ |

Número del Caso: AB-2015-168

Fecha: 29 de junio de 2016

Abogado del Promovido:

       Lcdo. Manuel Martínez Umpierre

Oficina de la Procuradora General:

       Lcda. Margarita Mercado Echegaray
       Procuradora General

       Lcda. Yaizamarie Lugo Fontánez
       Procuradora General Auxiliar

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Wilson González Antongiorgi

AB-2015-0168

RESOLUCIÓN

San Juan, Puerto Rico, a 29 de junio de 2016.

Atendida la *Queja,* la *Breve Exposición de Derecho Relativo a la Queja,* la *Contestación a Queja,* la *Réplica a Contestación a la Queja,* la *Contestación a Réplica* y la *Moción en Solicitud de Inhibición de la Oficina de la Procuradora General,* se provee con lugar a la solicitud de inhibición. Se ordena el archivo de la queja.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez, acompaña Voto Particular Disidente. La Jueza Presidenta Oronoz Rodríguez, se une a expresiones de la Juez Asociada señora Rodríguez Rodríguez. El Juez Asociado señor Martínez Torres, "expresó su conformidad con esta Resolución de archivo porque no hay duda de que el fiscal Wilson González Antongiorgi escogió —como estrategia— hacer unas expresiones contrarias a los derechos del acusado. No obstante, la estrategia le rebotó en contra y se dejó sin efecto el veredicto de culpabilidad. Se ordenó un nuevo juicio. Ese es el remedio que procede en Derecho. Eso es suficiente y no amerita la imposición inusitada de una sanción

ética al fiscal." La Jueza Asociada señora Pabón Charneco, se une a expresiones del Juez Asociado señor Martínez Torres. El Juez Asociado señor Rivera García, está conforme con el archivo de la queja de epígrafe y hace constar la siguiente expresión: "Estoy conforme con el archivo de la queja presentada en contra del fiscal Wilson González Antongiorgi por entender que sus actuaciones no constituyeron una violación a los Cánones de Ética Profesional." El Juez Asociado señor Estrella Martínez, hace las siguientes expresiones: "El Juez Asociado señor Estrella Martínez está conforme con declarar ha lugar la solicitud de inhibición presentada por la Honorable Procuradora General. No obstante, respetuosamente disiente del curso de acción adoptado por una mayoría de este Tribunal, consistente en archivar, sin más, la queja de epígrafe. En su lugar, considero que el curso de acción prudente consistía en paralizar este procedimiento disciplinario hasta que concluyera el nuevo juicio que se celebrará contra el promovente de la queja. Independientemente de que el Honorable Fiscal participe o no en ese nuevo juicio, el desenlace de ese caso podría arrojar luz al esclarecimiento de la queja de epígrafe; máxime cuando nos encontramos ante la situación particular en que la propia Oficina de la Procuradora General ha solicitado la inhibición, por lo que al momento de decretarse el archivo que nos ocupa no contamos con un informe. Ahora bien, una vez descartada la alternativa de la paralización procedía, a mi juicio, brindarle al Sr. Christian Serrano Chang la oportunidad de que su queja prosiguiera el curso de acción ordinario. Cuando un abogado de defensa o representante del Ministerio Público utilice estrategias o un lenguaje que se aleje de los postulados de los Cánones de Ética Profesional, la democracia no puede conformarse con meramente una revocación en los méritos y que se engavete el ámbito disciplinario, con las repercusiones negativas que ello acarrea. En consecuencia, disiento, por considerar que no procedía despachar la Queja, en esta etapa, con un mero archivo."

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re*: | Núm. AB-2015-0168 | |
|---|---|---|
| Wilson González Antongiorgi | | |

Voto Particular Disidente emitido por la Juez Asociada señora Rodríguez Rodríguez al que se une la Jueza Presidenta Oronoz Rodríguez

San Juan, Puerto Rico, a 29 de junio de 2016

Discrepo de la determinación de una mayoría de este Tribunal de archivar la queja presentada en contra del Lcdo. Wilson González Antongiorgi. Ello, por entender que, en casos en los que se cuestiona el proceder de un servidor público y los efectos de su conducta en un procedimiento de naturaleza penal, resulta imperativa nuestra intervención. Estimo que, como mínimo, la conducta del licenciado González Antongiorgi amerita una censura enérgica por parte de este Tribunal.

Las expresiones inflamatorias y discriminatorias vertidas por el fiscal González Antongiorgi en el juicio en contra del Sr. Christian Serrano Chang no sólo sirvieron el propósito de reproducir estereotipos nocivos y anacrónicos, sino que, además, tuvieron el efecto de socavar irremediablemente la imparcialidad del proceso penal, lo que, a su vez, resultó en la celebración de un nuevo juicio. Conviene puntualizar, entonces, los hechos que originan la queja ante nuestra consideración.

I

El 6 de mayo de 2015, el señor Serrano Chang presentó una queja en contra del fiscal González Antongiorgi. En ésta, alegó que, durante el juicio por jurado que se ventilaba en su contra por el asesinato de un menor, el fiscal incurrió en violaciones a los Cánones de Ética Profesional. Específicamente, indicó que, en su alocución final ante el jurado, el fiscal González Antongiorgi intimó que la presunta orientación sexual del acusado apuntaba a que éste pudo haber abusado sexualmente del menor víctima de asesinato.

Además, el señor Serrano Chang denunció que, también durante su alocución final, el fiscal exhortó a los integrantes del jurado a que consultaran a una sicóloga que era parte de éste para que fungiera como perito.[1] Específicamente, las expresiones inflamatorias, impropias y peyorativas del fiscal González Antongiorgi fueron las siguientes, según contenidas en la *Transcripción de la prueba oral*:

> Se acostó aquí, boca arriba diciendo que era [. . .] Dylan, y el acusado estaba encima del (sic). ¿Y ustedes saben lo que le dijo, miren cómo esa nena movía la cadera? Mírenlo. Perdone. El acusado encima de Dylan, la nena hacía así con la cadera. ¿Qué juego es ese? Un padrastro a un niño, ¿Qué juego es ese? Le hizo creer que era un juego, una persona que ya había sido descubierta que tenía doble vida, bisexual. Homosexual, que eso se

---

[1] Como se anticipó, por razón de la conducta desplegada por el fiscal González Antongiorgi, el Tribunal de Apelaciones ordenó la celebración de un nuevo juicio, dictamen que advino final y firme luego de que este Foro decidiera no atender el recurso de *certiorari* presentado por el Estado.

respeta, eso son derechos, no, no, no me vayan a malinterpretar. Pero no podía descargar ese deseo en un niño. No podía. Eso es inmoral. Eso es delito. [. . .] Le hacía lo que dijo Nayla que hacía. ¿Qué son eso? ¿Fantasías sexuales del acusado? ¿El acusado toqueteaba a Dylan? Esa es la razón por la que ese niño, se aterraba.

Yo les digo a ustedes, que no devuelvan a este muchacho a la calle, al acusado, como maestro de educación especial, [. . .] como un lobo rapaz, para comerse a esos niños en la escuela. [. . .] No lo devuelvan, a esos niños, que los devora.

Es importante que ustedes tengan claro, la determinación de la niña […] Nayla, de decir la verdad. Y en eso, en el momento en que estemos, ustedes estén deliberando, pueden consultar con la doctora sicóloga Arlene Maestre, que ahí sí que, al final, cuando ya esté todo sometido, de la sicología y como son los niños, y como Nayla dice la verdad.

Tal y como concluyó el Tribunal de Apelaciones al ordenar la celebración de un nuevo juicio, estas expresiones tuvieron el propósito de  invitar a los integrantes del jurado a hacer inferencias que no estaban basadas en la prueba. Además, fueron vertidas con el propósito de atribuirle una carga moral indebida a la presunta orientación sexual del acusado, al indicar que el señor Serrano Chang llevaba una "doble vida" y, peor aún, afirmar que de esa orientación sexual se derivaba una tendencia a abusar sexualmente de menores de edad. Por último, las expresiones apelaron a posibles aprensiones por parte de los integrantes del jurado al insinuar que, de no encontrar culpable al señor Serrano Chang, éste podría agredir sexualmente a otros niños.[2] Esto, cuando al señor Serrano Chang nunca se le imputó la

---

[2] *Véase Pueblo v. Serrano Chang*, KLAN-2014-1017.

comisión de delitos sexuales o delitos relacionados con conducta sexual hacia menores de edad.

## II

El fuero del proceso acusatorio y el exceso de celo al momento de procurar una convicción no pueden ser carta blanca para que los fiscales incurran en conducta antiética y desarrollen teorías que no se puedan sustentar por la prueba y que estén fundamentadas en expresiones inflamatorias, impertinentes y altamente discriminatorias. Como representantes del Estado, los fiscales tienen un deber ineludible de asegurar que la administración de la justicia no conlleve violentar las garantías constitucionales que cobijan a todo acusado o recurrir a estrategias que mancillen la imparcialidad de los procedimientos. Después de todo, la responsabilidad principal de un fiscal no estriba en ganar un caso en particular, sino en asegurar que se haga justicia en todos los casos.[3]

El archivo de esta queja, sin más, implica claudicar a nuestro deber de atender acuciosamente imputaciones de conducta antiética que impactan adversamente nuestro sistema de justicia penal. Expresiones altamente perjudiciales para un acusado que no tengan base en la

---

[3] *Véase* Canon 5 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 5 ("Es el deber primordial del abogado defensor y del fiscal procurar que se haga justicia"). *Véase, además Berger v. U.S.*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative . . . whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.").

prueba y que tiendan a influir indebidamente en el ánimo del jurado ameritan el ejercicio de nuestra jurisdicción disciplinaria. Resulta inconcebible avalar la tergiversación de hechos, las imputaciones falsas, la especulación y el uso de comentarios discriminatorios contra un acusado como mecanismos para asegurar un veredicto de culpabilidad. Conviene recordar que "[n]o es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni . . . inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho". 4 L.P.R.A. Ap. IX, C. 35.

En virtud de los fundamentos que anteceden, estimo que el curso de acción adecuado es censurar enérgicamente las actuaciones del fiscal González Antongiorgi, apercibiéndole de que, de incurrir en conducta similar en el futuro, se le impondrán sanciones disciplinarias más severas. Las actuaciones del fiscal, según se detallan en la sentencia del Tribunal de Apelaciones y en la queja presentada por el señor Serrano Chang, ameritan que el asunto sea atendido con la seriedad y el rigor que requiere todo procedimiento disciplinario. Por tal razón, disiento de la determinación mayoritaria.


                               Anabelle Rodríguez Rodríguez
                               Juez Asociada